**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PREPARED FOOD PHOTOS, INC.
f/k/a Adlife Marketing &
Communication Co., Inc.,

    Plaintiff,

v.                                              Case No. 8:23-cv-907-WFJ-TGW

LIFE RENU, INC.,

    Defendant.

_____/

**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

THIS CAUSE IS BEFORE the Court upon Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") Motion for Default Final Judgment (the "Motion") [D.E. 20]. The Court has considered the Motion, has noted the Clerk's default against Defendant Life Renu, LLC ("Defendant"), and is otherwise advised in the premises.

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, the Court concludes that Plaintiff has met its burden of showing that it is entitled to a final default judgment as to Defendant. Plaintiff has also met its burden of showing that it is entitled to permanent injunctive relief against Defendant.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

**Findings of Fact:**

1. Plaintiff operates on a subscription basis whereby it charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a *minimum* monthly fee of $999.00 (https://preparedfoodphotos.com/featured-subscriptions/) for access to its library of professional photographs.

2. Plaintiff's standard licensing terms require a minimum of a twelve (12) month licensing commitment (https://preparedfoodphotos.com/terms.of.use.php) to avoid scenarios whereby a licensee pays for one (1) month of access, downloads the entire library of 20,000+ photographs, and immediately terminates the license agreement.

3. Plaintiff's business model relies on its recurring monthly subscription service.

4. This lawsuit concerns one (1) photograph titled "Gnocchi002" (the "Work") owned by Plaintiff for which Plaintiff serves as the licensing agent. The Work is available for license on the above-stated terms.

5. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on August 23, 2016 and was assigned Registration No. VA 2-014-708. A copy of the Certificate of Registration pertaining to the Work is attached to the Complaint as Exhibit A thereto.

6. On June 20, 2021 (after Plaintiff's above-referenced copyright registration of the Work), Defendant published the Work on its website (at https://www.liferenu.com/food-nutrients-and-their-sources-and-functions/) as the image associated with dinner portion sizes:



7. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website/advertising or for any other purpose—even though the Work that was copied is clearly professional stock photography that would put Defendant on notice that the Work was not intended for public use.

8. Defendant utilized the Work for commercial use—namely, in connection

with the marketing of its business.

### Conclusions of Law:

Plaintiff registered the Work pursuant to 17 U.S.C. § 411(a) with the Register of Copyrights. By virtue of its default, Defendant does not have any right to challenge Plaintiff's registration/ownership of a valid copyright.

The screenshots of Defendant's website unequivocally show Defendant's copying of the Work. Defendant's default further constitutes an admission as to such copying. There is no factual or subjective issue of "substantial similarity" here as Defendant copied and published a duplicate image of the Work. Thus, Defendant undisputedly copied Plaintiff's copyrighted work and a Final Default Judgment should be entered against Defendant on Count I of the Complaint.

### Plaintiff's Damages:

The Court finds "willfulness" damages to be speculative. The Court awards actual damages only.

Pursuant to 17 U.S.C. § 504(b), a "copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement." Actual damages are "often measured by the revenue that a plaintiff lost as a result of the infringement, which includes lost sales, lost opportunities to license, or diminution in the value of the copyright." *Lorentz v. Sunshine Health Prods.*,

*Inc.*, No. 09-61529-CIV-MORENO, 2010 WL 11492992, at *4 (S.D. Fla. Sept. 7, 2010) (citations omitted).

The copyright owner may also recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *Id.* at *15. To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by "evidence of benchmark licenses, that is, what licensors have paid for use of similar work." *Thornton v. J. Jargon Co.*, 580 F. Supp. 2d 1261, 1276 & n.9 (M.D. Fla. 2008) (citing *Montgomery v. Noga*, 168 F.3d 1282, 1294 n.19 (11th Cir. 1999)).

As set forth above and in the declaration of Rebecca Jones (Plaintiff's Secretary), Plaintiff exclusively operates on a subscription basis whereby it provides access to its library at a minimum of $999.00 per month (depending on the total number of end-users allowed access to the photographs) with a minimum twelve (12) month contract commitment (*i.e.*, a licensee must pay at least $11,988.00 for access to any of Plaintiff's photographs for anywhere from 1 day to 1 year).

For each year that Defendant published the Work, Plaintiff would be owed an annual license fee of (at minimum) $11,988.00. Here, it is known that the Work was published as of June 20, 2021. As a result, Defendant would owe Plaintiff at least three (3) year of licensing fees (June 2021–June 2022; June

2022–June 2023; June 2023–Present) (as Plaintiff does not pro-rate its licenses). Given these facts, Plaintiff proffers that the cost of 3x annual license payment ($35,964.00) is the most accurate measure of Plaintiff's actual damages based on presently known facts.

In cases of non-willful infringement, statutory damages may be awarded up to $30,000.00 resulting from the infringement of the copyrighted Work. *See* 17 U.S.C. § 504(c)(1).

**Costs and Attorneys' Fees:**

Pursuant to 17 U.S.C. § 505, "the court in its discretion may allow the recovery of full costs by or against any party . . . the court may also award a reasonable attorney's fee to pay the prevailing party as part of the costs." Upon entry of a final judgment, Plaintiff is the prevailing party in this action. In view of Defendant's failure to defend or otherwise participate in this action, leading to unjustified delays and increased costs and fees, an award of full costs and attorney's fees to Plaintiff is appropriate.

17 U.S.C. § 1203(b)(5) likewise provides "the court . . . in its discretion may award reasonable attorney's fees to the prevailing party . . . ," providing a second statute for an award of Plaintiff's full costs and attorney's fees.

The Court finds an award of attorneys' fees and costs appropriate here.

The Court has reviewed the declaration of Plaintiff's counsel filed together with the Motion and finds such declaration to support the amount of fees and costs being sought. The Court finds that the costs sought by the Motion ($466.20) are taxable against Defendant. These costs consist of the filing fee for this lawsuit and the service of process costs.

Given the above, the Court has reviewed the fees/costs claims in the D'Loughy declaration. This declaration represents the work done and skill necessary to complete the task at fair rates. D.E. 20-2.

**Permanent Injunction**:

Pursuant to 17 U.S.C. § 502(a), "[a]ny court having jurisdiction of a civil action arising under this title may, subject to the provisions of section 1498 of title 28, grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." Injunctions are regularly issued pursuant to Section 502 because "the public interest is the interest in upholding copyright protections"; and courts also regularly issue injunctions as part of default judgments. *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (entering permanent injunction against defendants with respect to plaintiff's copyrighted work, including plaintiff's work to be created in the future).

As established by the well-pled facts of the Complaint and admitted by

Defendant's default, this Court has proper jurisdiction over this action. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff such that Plaintiff has no adequate remedy at law. For example, the ability of Defendant to use Plaintiff's work for its own commercial benefit without compensation to Plaintiff greatly impairs the market value of the Work, since others competing in that business or in related business areas, will not want to obtain a license to Plaintiff's works if it is already associated with a competing business; and potential licensees of Plaintiff will not want to pay license fees to Plaintiff if they see other commercial enterprises taking and using Plaintiff's photographs for their own commercial purposes without paying any fee at all.

Accordingly, this Court does hereby enter a permanent injunction as set forth below.

**Order**:

Judgment is hereby entered in favor of Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. and against Defendant Life Renu, LLC as follows:

1. Plaintiff shall recover from Defendant the principal sum of $32,891.20 for which let execution issue. The foregoing sum consists of $30,000.00 (compensatory damages for copyright infringement), $466.20 (costs), and $2,425

(attorneys' fees).

2. Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant are permanently enjoined from (a) directly or indirectly infringing Plaintiff's copyright or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or manufacture any work derived or copied from Plaintiff's copyrighted photograph or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of any copyrighted photograph owned by Plaintiff.

3. The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida on July 31, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE